**SO ORDERED.**

**SIGNED this 18th day of September, 2026.**

LENA MANSORI JAMES
UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

In Re:

**KAREN DENISE BARKER**

S.S. No.: xxx-xx-8419
Mailing Address: 314 Dots Circle, China Grove, NC 28023

Debtor.

Case No. 26-50481
Chapter 13

## ORDER ALLOWING SUBSTITUTION OF COLLATERAL AND ATTORNEY FEES

**THIS MATTER** came before the Court for hearing on September 16, 2026 on motion of the Debtor for substitution of collateral and for attorney fees (the "Motion"). All interested parties having received proper notice, appearing at the hearing were Erica NeSmith for the Debtor and Brandi L. Richardson, the Chapter 13 Trustee. Having considered the motion and other matters of record in this case, the Court finds and concludes as follows:

1. This Court has jurisdiction over the parties and subject matter of this action.

2. The Debtor filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code on June 11, 2026.

3. At the time the Debtor filed the Motion, the Debtor owned a 2024 Nissan Kicks, VIN 3N1CP5CV8RL557108 (the "Vehicle") on which Santander Consumer USA. Inc. (The "Creditor") held a valid first lien.

4. The Creditor is being paid through disbursements by the Trustee pursuant to the Confirmation Order entered in this case.

5. The Vehicle was involved in an accident and was deemed a total loss.

6. The loss of the Vehicle leaves the Debtor without reliable transportation necessary to the Debtor's reorganization.

7. The Vehicle was insured by National General, and Allstate Company (the "Insurance Company") at the time of the accident.

8. The current approximate balance owed to the Creditor on its secured claim is $19,256.86.

9. The Insurance Company is holding the insurance proceeds for the loss of the Vehicle of $17,596.36 (the “Insurance Proceeds”).

10. The Debtor’s request for substitution of collateral would not cause undue hardship upon the Creditor and replacement of the collateral would not adversely affect the Creditor’s secured claim in this case.

11. To allow the Creditor to retain the insurance proceeds as a result of this accident would seriously jeopardize the Debtor’s reorganization and would place the Creditor in a position of being paid early at the expense of the Debtor’s reorganization.

12. The Creditor should be required to forward the clear certificate of title to the Vehicle to the insurance company upon written notification from the Debtor’s attorney that the Insurance Proceeds have been received by the Debtor’s attorney, and no later than 30 days from the date of this Order.

The Court finds that there is sufficient cause to grant the relief requested in the Motion; therefore it is ordered as follows:

1. The Debtor is allowed to substitute collateral, as a result of which the Creditor will release its lien on the Vehicle and obtain a first lien upon the replacement vehicle.

2. The replacement vehicle chosen by the Debtor (the “Replacement Vehicle”) must be mutually acceptable to the Debtor and the Creditor, and must be comparable in value to the Vehicle. Prompt consent (within **twenty-four** hours) shall not be unreasonably withheld or delayed by the Creditor.

3. The Insurance Proceeds shall be paid by the Insurance Company forthwith to the trust account of the Debtor’s attorney, to be held by the attorney and released to the seller of the Replacement Vehicle only under such circumstances that the Creditor is granted a security interest in the Replacement Vehicle and entered as the first lienholder on the Debtor’s certificate of title to the Replacement Vehicle. In this regard, the Debtor’s attorney is hereby expressly authorized to sign and deliver to the Creditor a Substitution of Collateral Agreement for the Replacement Vehicle, in the form attached hereto as **Attachment A**, on behalf of the Debtor as Debtor’s attorney in fact.

4. The Debtor’s attorney shall, upon receipt of the insurance proceeds, immediately provide written notification to the Creditor that the insurance proceeds have been received and that the clear certificate of title to the Vehicle should be turned over to the Insurance Company no later than 30 days from the date of entry of this Order.

5. The Creditor is required to forward the clear certificate of title for the Vehicle to the insurance company upon notification by the Debtor’s attorney that the insurance proceeds have been received and no later than 30 days from the date of entry of this Order.

6. Any portion of the Insurance Proceeds not used for the purchase of the replacement vehicle shall be delivered by the Debtor’s attorney to the Trustee for disbursement on the Creditor’s allowed secured claim.

7. The Debtor’s attorney is allowed the presumptive fee of $700.00 for services in connection with this motion, to be paid through disbursements by the Trustee.

**END OF DOCUMENT**

PARTIES TO BE SERVED
PAGE 1 of 1
Case No. 26-50481 C-13W

Karen Denise Barker
314 Dots Circle
China Grove, NC 28023

John T Orcutt
6616-203 Six Forks Road
Raleigh, NC 27615

Law Offices of John T Orcutt
Attn: Edward C. Boltz
1738-D Hillandale Road
Durham NC 27705

John Paul H. Cournoyer
Bankruptcy Administrator
101 South Edgeworth Street
Greensboro, NC 27401

Brandi L. Richardson
Chapter 13 Trustee
P.O. Box 2115
Winston-Salem, NC 27102-2115

Santander Consumer USA Inc.
P.O. Box 961245
Fort Worth, TX 76161

Santander Consumer USA Inc.
Attention: Officer or Managing Agent
1601 Elm Street Suite 800
Dallas, TX 75201-7260

National General, an Allstate Company
P.O. Box 1623
Winston-Salem, NC 27102-1623

**ATTACHMENT 1**
**(FORM AGREEMENT TO SUBSTITUTE COLLATERAL)**

# AGREEMENT TO SUBSTITUTE COLLATERAL

| BUYER NAME(S) | ADDRESS | ACCOUNT # | DATE OF CONTRACT |
|---|---|---|---|
| ORIGINAL SELLING DEALER | | ADDRESS | |
| NEW SELLING DEALER | | ADDRESS | |
| ORIGINAL VEHICLE | | SUBSTITUTED VEHICLE | |
| YEAR AND MAKE | | YEAR AND MAKE | |
| SERIES NAME | | SERIES NAME | |
| BODY TYPE & MODEL NO. | | BODY TYPE & MODEL NO. | |
| VEHICLE IDENTIFICATION NUMBER | | VEHICLE IDENTIFICATION NUMBER | |
| VEHICLE COLOR | NUMBER OF CYLINDERS | VEHICLE COLOR | NUMBER OF CYLINDERS |

**Whereas,** Original Selling Dealer and Buyer(s) entered into a Retail Installment Contract identified by the above account number (the "Contract") for the purchase of the Original Vehicle; and

**Whereas**, the Contract was assigned by Selling Dealer to ______________________ ("Assignee"), and

**Whereas,** the Original Vehicle has been determined to be a total loss as a result of theft or damage to the vehicle; and

**Whereas,** Buyer(s) and Assignee wish to use the insurance proceeds to acquire the Substituted Vehicle from the New Selling Dealer and substitute the Substituted Vehicle for the Original Vehicle under the contract.

**NOW,** therefore, in consideration of the undertakings herein, the receipt and sufficiency of which is hereby acknowledged, the parties hereby agree as follows:

1. Release of Original Vehicle. Buyer(s) relinquish to New Selling Dealer all of their title and interest in the insurance proceeds from the Original Vehicle.

2. Delivery of Substituted Vehicle/Grant of Security Interest by Buyer(s). Buyer(s) accept delivery of the Substituted Vehicle. Buyer(s) agree that the terms and conditions of the Contract shall apply for the Substituted Vehicle, and Assignee shall have a security interest in the Substituted Vehicle as provided in the Contract.

3. Consent to Security Interest/Release of Security Interest in Original Vehicle. Assignee accepts a security interest in the Substituted Vehicle and releases its security interest in the insurance proceeds from the Original Vehicle.

4. Effect on Other Agreements. Except as stated above, the terms and conditions of the Contract shall continue in full force and effect. The terms and conditions of the agreement between Selling Dealer and Assignee shall apply to the Substituted Vehicle and shall otherwise remain in full force and effect.

By signing below, we acknowledge our agreement to the above Agreement to Substitute Collateral, effective as of _____________, 20___.

Buyer: _____________________________

_____________________________________________

Co- Buyer:__________________________

By:__________________________________________

Title:__________________________________________